UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA LOPEZ,<br>          Plaintiff<br>    v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>          Defendant. | Case No. 2:17-cv-02310-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Ana Lopez ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 10 and 11] and briefs addressing disputed issues in the case [Dkt. 17 ("Pltf.'s Br."), Dkt. 18 ("Def.'s. Br."), and Dkt. 19 ("Pltf.'s Reply)]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

In September 2013, Plaintiff filed applications for DIB and SSI, alleging disability as of August 15, 2013. [Dkt. 16, Administrative Record ("AR") 186, 188.] Plaintiff's applications were denied at the initial level of review and on reconsideration. [AR 124, Def's Br. at 2] On May 12, 2015, a hearing was held before Administrative Law Judge James P. Nguyen ("the ALJ"). [AR 24.] On March 4, 2015, the ALJ issued an unfavorable decision. [AR 24-31.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. [AR 27.] At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical and thoracic spine; strain of the cervical and thoracic spine, left knee strain; dyslipidemia; left shoulder tendinitis; a history of carpal tunnel syndrome; and a history of carcinoma of the thyroid gland, status post thyroidectomy. [*Id.*] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations, ("the Listings"). [AR 28]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with the following additional nonexertional limitations:

> [Plaintiff is] able to climb ladders, ropes, and scaffolds occasionally; otherwise, able to perform frequent climbing for ramps and stairs, as well as frequent balancing, stooping, kneeling, crouching, and crawling; able to perform occasional overhead reaching; and able to perform frequent handling and fingering with the upper extremities.

[AR 28.] Applying this RFC, the ALJ found that Plaintiff was capable of

performing her past relevant work as an electronic assembler, and was, thus, not disabled. [AR 30-31.]

The Appeals Council denied review of the ALJ's decision on January 25, 2017. [AR 1-4.] This action followed.

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff contends that the ALJ erred by: (1) finding that Plaintiff did not meet a listing at step three, and (2) improperly discrediting Plaintiff's testimony. [Pltf.'s Br. at 1.] As set forth below, the Court agrees with Plaintiff, in part, and remands the matter for further proceedings. Because the Court finds Plaintiff's second argument regarding her credibility compelling, this memorandum does not deal with Plaintiff's contention that the ALJ improperly found that none of her impairments met a listing. However, the ALJ should consider this issue on remand.

**A. ALJ Failed to Properly Consider Plaintiff's Subjective Complaints**

Plaintiff contends that the ALJ failed to state sufficient reasons for discounting her credibility. [Pltf.'s Br. at 5-7.]

Once a disability claimant produces evidence of an underlying physical or mental impairment that could reasonably be expected to produce the symptoms alleged and there is no affirmative evidence of malingering, the ALJ must offer "specific, clear and convincing reasons" to reject the claimant's testimony. *Brown-*

*Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015); *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). The ALJ must identify what testimony is not credible and what evidence discredits the testimony. *See Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). But if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the Court's role to "second-guess" it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

As an initial matter, the Court notes that Plaintiff testified through an interpreter. It appears from the English transcript that both the ALJ and Plaintiff may have been having trouble clearly understanding each other (the interpreter even interrupted at one point to attempt to offer an explanation of what Plaintiff may have meant). [AR 56-57.] Even if that was not the case, the transcript itself is not a model of clarity. [*E.g.*, AR 54 (indicates Plaintiff is speaking, but transcribed as: "The interpreter requires some repetition. To me, it sounds a little convoluted and I couldn't make sense of what she was saying. Is that okay?")]. But essentially, Plaintiff testified that she had a license but did not drive (when asked if she had difficulty driving, she answered, "Yes, with my hands."). [AR 46.] She further testified that the medication she was taking for her thyroid condition post-cancer, the dosage of which had been changed recently, made her "have a lot of anxieties," [AR 49-50.] She complained about knee and shoulder pain as well. [AR 52-53.] With respect to her neck pain, she was "taking a lot of meds," and had been going to physical therapy but told her doctor that she "can't handle that." [AR 50.] Finally, although the ALJ made a valiant attempt to get a clear record with respect to whether or not Plaintiff had been referred for surgery or just for a further evaluation about whether surgical intervention would be a good option for Plaintiff's cervical spine issues – and ultimately determined that no medical source had, at that point, recommended surgical intervention – it is unclear to the Court what actually transpired, if anything, between Plaintiff and her doctors. [AR 56-57, 59-62.] The

ALJ offered to leave the record open for 30 days, but Plaintiff's non-lawyer representative did not believe he could obtain additional records in that time.

As to her limitations, Plaintiff testified that she could only lift a half gallon of milk, as opposed to a gallon, and she had trouble grasping things. [AR 58.] She also testified that she depends on others to do household chores. [AR 46.]

The ALJ found that her medically determinable impairments could reasonably be expected to cause the symptoms about which she testified, but did not find her statements about "the intensity, persistence and limiting effects" of her symptoms to be entirely credible. [AR 29.]

The ALJ first noted that the record showed that Plaintiff collected unemployment benefits in the amount of $898 in the third quarter of 2013, allegedly subsequent to her alleged onset date, but did not elaborate further. The only additional reason the ALJ gave for discounting Plaintiff's testimony was that "the medical evidence of record documents only conservative treatment." [*Id*.] Although the ALJ went on to discuss many of the indications in the medical records that Plaintiff retained relatively normal function in many areas (and discusses and discounts a treating physician's evaluation to the contrary, as well), the only discussion of conservative *treatment* is the ALJ's note that "the record apparently does not document a referral for surgery nor does it show any epidural steroid injections." [*Id*.]

As an initial matter, it is notable that the ALJ found that Plaintiff's statements were consistent both throughout the medical record and in her testimony. [AR 29.] And as Plaintiff correctly points out in her briefs, the record shows that Plaintiff was seeking medical treatment for her cervical spine pain when her course of treatment was interrupted by a bout of thyroid cancer. When cleared of the cancer, Plaintiff again sought treatment for her neck (and other area) pain. She was treated with fairly heavy-duty narcotics, and had at least one toradol shot. [AR 391-93]. Although she did not *have* an epidural injection, one doctor did *recommend*

that she get a shot. [AR 394]. And while the ALJ notes that Plaintiff stated at one point that she was afraid of surgical procedures, at a subsequent point in her testimony she spoke about the possibility of having surgery done. [*E.g.,* AR 61.] Based on the dearth of explanation as to what the ALJ considered "conservative" treatment and his failure to address the treatment that Plaintiff actually was receiving, and in light of the nearly complete lack of clarity in Plaintiff's translated testimony, it was incumbent on the ALJ to explain more specifically what statements he discredited, and why he discredited them. The Court thus finds that the ALJ did not provide at least one specific and legitimate reason supported by substantial evidence to discount Plaintiff's testimony.

## V. CONCLUSION

When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 874 F.3d 1130, 1132 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler*, 775 F.3d at 1099. But the Court does have discretion to make a direct award of benefits under the "credit-as-true" rule, which asks whether: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Each part of this three-part standard must be satisfied for the Court to remand for an award of benefits, *id.*, and it is only the "unusual case" that meets this standard, *Benecke*, 379 F.3d at 595. *See*, *e.g.*, *Treichler*, 775 F.3d at 1105 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony."). Moreover, if "an evaluation of the

6

record as a whole creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings "even though all conditions of the credit-as-true rule are satisfied." *Garrison*, 759 F.3d at 1021; *see also Leon*, 874 F.3d at 1133 ("an award under [the credit-as-true] rule is a rare exception, and the rule was intended to deter ALJs from providing boilerplate rejections without analysis"); *Brown-Hunter*, 806 F.3d at 495 ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, given the ALJ's insufficient consideration of Plaintiff's subjective symptom testimony, questions regarding the extent to which Plaintiff's pain and symptoms limit her ability to work remain unresolved. *See, e.g.*, *Brown-Hunter*, 806 F.3d at 495-96. Therefore, in accordance with Plaintiff's request, the Court concludes that remand for further proceedings is warranted. [Pltf.'s Br. at 24; Pltf's Reply at 10]; *see Treichler*, 775 F.3d at 1107; *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remand for further proceedings appropriate when the ALJ's findings are so insufficient that the reviewing court cannot determine whether the claimant's rejected testimony should be credited as true).

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: February 22, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE